David **GRANVILLE** and Marlyss Granville, as parents and natural guardians of Kailynn Granville, a minor, Respondents (A05–1377),

Jacqueline Johnson, as parent and natural guardian of Shanel Andrews, a minor, Respondent (A05–1378),

v.

**MINNEAPOLIS SCHOOL DISTRICT, Special School District No. 1, Appellant.**

Nos. A05–1377, A05–1378.

Court of Appeals of Minnesota.

June 27, 2006.

Erik D. Willer, Michael L. Weiner, Christopher J. Moreland, Yaeger, Jungbauer & Barczak, PLC, Minneapolis, MN, for respondents.

Diane B. Bratvold, Shanda K. Pearson, Rider Bennett, LLP, Minneapolis, MN, for appellant.

Steven L. Theesfeld, Yost & Baill, LLP, Minneapolis, MN, for amicus curiae Minnesota Trial Lawyers Association.

Considered and decided by STONEBURNER, Presiding Judge; WILLIS, Judge; and CRIPPEN, Judge.[*]

## OPINION

WILLIS, Judge.

Appellant school district challenges an order denying its motion for summary judgment based on its claim of immunity from tort liability under Minn.Stat. § 466.12, subd. 3a (2002), which provides immunity to school districts that are unable to obtain liability insurance for an average rate of $1.50 or less per pupil. The district court, applying both federal and state rational-basis analyses, concluded that the statute's $1.50 classification is arbitrary in light of current market conditions and "not genuine or relevant to the purpose of the law" and that, therefore, the "operation of the statute ... violates the equal protection guarantees of the federal and state constitutions." Because the record shows that all school districts in Minnesota may apply for and receive immunity from tort liability under Minn.Stat. § 466.12, subd. 3a, and that, therefore, this

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

statute treats all school districts and their students similarly, we conclude that the $1.50 classification does not violate the Equal Protection Clause of either the United States or Minnesota Constitution.

## FACTS

In November 2001, Loring Elementary School students Kailynn Granville and Shanel Andrews were injured when they collided while participating in a game of flashlight tag in a completely dark gymnasium during physical-education class. In June 2002, respondents David and Marlyss Granville and Jacqueline Johnson, the parents of the children, sued appellant Minneapolis Public Schools, Special School District No. 1 (the school district), to recover damages for their children's personal injuries. The school district moved to dismiss the suit, arguing that it was immune from tort liability under Minn.Stat. § 466.12, subd. 3a (2002), which provides immunity to school districts that are unable to obtain liability insurance for an average rate of $1.50 or less per pupil. Respondents countered that Minn.Stat. § 466.12, subd. 3a, violates the equal-protection clauses of the United States and Minnesota constitutions by creating an unconstitutional racial classification and by depriving students of the fundamental right to seek redress for injuries caused by another. Respondents argued that because the school district's student population is 45 percent African American and the school district is the only school district in the state to request and receive the certification necessary to claim immunity from tort liability, the application of the statute created a class of African American students who are prevented from exercising their right to sue the school district. In November 2002, the district court granted the school district's motion to dismiss, applying a rational-basis test to the statute and concluding that it was constitutional.

Respondents appealed to this court, arguing that the district court erred by failing to apply the strict-scrutiny standard to the statute. This court affirmed in part, concluding that strict scrutiny did not apply because the statute did not create a racial classification or infringe on a fundamental right, and reversed in part because the record did "not permit the determination of whether Minn.Stat. § 466.12, subd. 3a, passes the rational-basis test." *Granville v. Minneapolis Pub. Sch., Special Sch. Dist. No. 1 (Granville I)*, 668 N.W.2d 227, 232–35 (Minn.App.2003), *review denied* (Minn. Nov. 18, 2003). This court stated that there was "insufficient evidence from which the district court [could] determine whether the legislature's choice of a rate of $1.50 per student [was] arbitrary under current market conditions, as [plaintiffs] assert, or, on the contrary, creates a constitutional classification that is relevant to the statute's purpose." *Id.* at 234–35. This court remanded for further proceedings, concluding that "[i]n order to decide whether the statute meets the federal and state rational-basis tests, evidence demonstrating whether immunity triggered by the $1.50 per pupil rate permits constitutional operation of the statute is required" and that "[w]ithout such analysis, the district court's conclusion that the school district [was] entitled to immunity [was] erroneous." *Id.* at 235.

In December 2004, the school district moved the district court for summary judgment, arguing again that it was immune from tort liability under Minn.Stat. § 466.12, subd. 3a. Respondents argued that, inter alia, Minn.Stat. § 466.12, subd. 3a, is not rationally related to the legitimate governmental purpose of protecting schools that cannot obtain liability insurance at reasonable market rates. On May 13, 2005, the district court issued an order denying summary judgment and conclud-

ing that, inter alia, Minn.Stat. § 466.12, subd. 3a, is unconstitutional under both the federal and state rational-basis tests. The school district appeals.

## ISSUE

Does Minn.Stat. § 466.12, subd. 3a (2002), violate the equal-protection clauses of the United States and Minnesota constitutions?

## ANALYSIS

■■■ A party may appeal immediately from an order that denies an immunity defense. *Anderson v. City of Hopkins,* 393 N.W.2d 363, 364 (Minn.1986). When reviewing a summary-judgment ruling that denies immunity, this court makes two determinations: (1) whether there are any genuine issues of material fact and (2) whether the district court erred in its application of the law. *See Thompson v. City of Minneapolis,* 707 N.W.2d 669, 673 (Minn.2006). Whether an immunity defense applies is a question of law subject to de novo review. *Johnson v. State,* 553 N.W.2d 40, 45 (Minn.1996).

The school district claims it has immunity from tort liability under Minn.Stat. § 466.12, subd. 3a (2002), which provides:

Schools shall insure, be liable; conditions. A school district shall procure insurance as provided in section 466.06, meeting the requirements of section 466.04, if it is able to obtain insurance and the cost thereof *does not exceed* $1.50 per pupil per year for the average number of pupils. If, after a good faith attempt to procure such insurance, a school district is unable to do so, and the commissioner of insurance certifies that such insurance is unobtainable, it shall be subject to the provisions of subdivisions 1 and 2. If the school district fails to make a good faith attempt to procure such insurance and the commissioner of

insurance does not certify that such insurance is unobtainable, then in that event section 466.12 shall not apply to such a school district and it shall be subject to all of the other applicable provisions of chapter 466.

It is undisputed that the school district satisfied the requirements for immunity under subdivision 3a by showing that it was unable to obtain liability insurance at an average rate of $1.50 or less per pupil per year and by obtaining a certification of such inability from the commissioner of commerce. *See* 1983 Minn. Laws ch. 289, § 114, at 1307 (substituting statutory references to "commissioner of insurance" with "commissioner of commerce"). Respondents argue, and the district court concluded, that the $1.50 per pupil classification in the statute is an arbitrary distinction and that immunity triggered by the $1.50 per pupil rate violates the equal-protection guarantees of the federal and state constitutions.

■■■ The constitutionality of a statute is a question of law, which is reviewed de novo. *Hamilton v. Comm'r of Pub. Safety,* 600 N.W.2d 720, 722 (Minn.1999). Minnesota statutes are presumed to be constitutional, and the power to declare a statute unconstitutional is "exercised with extreme caution and only when absolutely necessary." *In re Haggerty,* 448 N.W.2d 363, 364 (Minn.1989). The party challenging the constitutionality of a Minnesota statute bears the burden of establishing beyond a reasonable doubt that the statute violates a constitutional provision. *Id.*

■■■ In *Granville I,* this court determined that the rational-basis standard applies to the determination of whether Minn.Stat. § 466.12, subd. 3a, violates the equal-protection clauses of the United States and Minnesota constitutions. 668 N.W.2d at 234. Both clauses "mandate

that all similarly situated individuals shall be treated alike, but only 'invidious discrimination' is deemed constitutionally offensive." *Scott v. Minneapolis Police Relief Ass'n,* 615 N.W.2d 66, 74 (Minn.2000); *see* U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 2. Minnesota courts apply both the federal and state formulations of the rational-basis test when reviewing equal-protection challenges. *Scott,* 615 N.W.2d at 74. The federal formulation requires that a court determine (1) "whether the challenged classification has a legitimate purpose" and (2) "whether it was reasonable to believe that use of the challenged classification would promote that purpose." *Kolton v. County of Anoka,* 645 N.W.2d 403, 411 (Minn.2002) (citing *W. & S. Life Ins. Co. v. State Bd. of Equalization,* 451 U.S. 648, 668, 101 S.Ct. 2070, 2083, 68 L.Ed.2d 514 (1981)) (other citation omitted). The Minnesota formulation of the rational-basis test requires that:

> (1) The distinctions which separate those included within the classification from those excluded must not be manifestly arbitrary or fanciful but must be genuine and substantial, thereby providing a natural and reasonable basis to justify legislation adapted to peculiar conditions and needs; (2) the classification must be genuine or relevant to the purpose of the law; that is there must be an evident connection between the distinctive needs peculiar to the class and the prescribed remedy; and (3) the purpose of the statute must be one that the state can legitimately attempt to achieve.

*State v. Russell,* 477 N.W.2d 886, 888 (Minn.1991) (quoting *Wegan v. Village of Lexington,* 309 N.W.2d 273, 280 (Minn. 1981) (quoting *Guilliams v. Comm'r of Revenue,* 299 N.W.2d 138, 142 (Minn. 1980))). The Minnesota formulation is a stricter standard because it requires the state to establish "a reasonable connection between the actual, and not just the theoretical, effect of the challenged classification and the statutory goals." *Id.* at 889.

Here, Minn.Stat. § 466.12, subd. 3a, on its face makes a distinction between those school districts that can and those that cannot obtain liability insurance at a rate of $1.50 or less per pupil per year. Those that cannot obtain the $1.50 rate and that receive a certification of such inability from the commissioner of commerce are immune from tort liability. Minn.Stat. § 466.12, subds. 3a, 2 (2002). The legislature has not amended the $1.50 rate since subdivision 3a was enacted in 1969, despite opportunities to do so when it amended section 466.12 in 1973 and in 1974 and repealed the section's expiration provision in 1996. *See* 1973 Minn. Laws ch. 123, art. 5, § 7, at 226; 1974 Minn. Laws ch. 472, § 1, at 1189–90; 1996 Minn. Laws ch. 310, § 1, at 187. Respondents' expert David Lanigan, the former owner of an insurance agency that worked with school districts, stated in an affidavit that "[i]t has likely not been possible for any school in the state to obtain insurance at [a $1.50] rate since the mid–1970's." Although the school district is the only district in the state to have sought and obtained immunity under subdivision 3a, the parties agree that the effect of Minn.Stat. § 466.12, subd. 3a, is to allow any Minnesota school district to apply for and receive immunity from tort liability.

Respondents argue that although the $1.50 classification in Minn.Stat. § 466.12, subd. 3a, "presumably served to protect the coffers of high risk schools facing abnormally high insurance premiums," it is now an arbitrary distinction because it "is not in line with current market condition[s]" and cannot be "rationally aimed to meet the desired goal of protecting schools that cannot get insurance at reasonable market rates." The school district argues

that this court should not analyze the $1.50 classification "under current market conditions" because (1) this court is limited to analyzing whether the $1.50 classification was arbitrary at the time it was enacted (the parties agree it was not); (2) there is no "legal authority for incorporating 'current market conditions' into a rational basis analysis"; (3) market conditions are always changing and an analysis that incorporates market conditions would therefore subject subdivision 3a to repeated constitutional challenge; and (4) this court's reference to current market conditions in *Granville I* was only an attempt to "frame the parties' competing arguments for remand" and does not constitute the law of the case.

We conclude that we do not need to decide if the $1.50 classification is arbitrary in light of current market conditions because arbitrary classifications in statutes have been ruled unconstitutional only when such classifications result in similarly situated individuals being treated differently. *See, e.g., Glassman v. Miller,* 356 N.W.2d 655, 656 (Minn.1984) (holding that statutory notice-of-claim requirement that applied to tort victims of municipalities but not to tort victims of the state violated equal-protection clauses because there was "no rational basis for distinguishing between municipal and state tortfeasors"); *Wegan v. Village of Lexington,* 309 N.W.2d 273, 280 (Minn.1981) (holding that two provisions of the dramshop act that applied only to those injured by individuals intoxicated from "stronger liquor" violated the equal-protection clauses because there was "no rational basis for distinguishing between persons injured by those intoxicated from drinking 3.2 beer and those intoxicated as a result of consuming stronger liquor"). Here, the $1.50 classification results in all public school districts, and all of their potential student tort victims, being treated alike rather than dif-

ferently. Again, the parties agree that under subdivision 3a, all Minnesota school districts currently may become immune from tort liability and all students would be prevented from suing school districts for damages resulting from injuries incurred at school. Whether a particular school district has tort immunity depends on whether it decides to seek certification from the commerce commissioner. At oral argument, respondents were unable to identify any individual or group that is treated differently under subdivision 3a. Because the $1.50 classification does not result in the unequal treatment of any individual or group, Minn.Stat. § 466.12, subd. 3a, does not violate the Equal Protection Clause of either the United States or Minnesota Constitution.

The parties dispute whether school-district immunity is good public policy. And although the supreme court's exploration of similar policy arguments led it to abrogate common-law immunity for school districts in *Spanel v. Mounds View Sch. Dist. No. 621,* 264 Minn. 279, 118 N.W.2d 795 (1962), there is no Minnesota caselaw suggesting that a grant by the legislature of school-district immunity from tort liability is unconstitutional. It is the legislature's responsibility "to balance myriad competing interests and to allocate the State's resources for the performance of those services important to the health, safety, and welfare of the public." *Lienhard v. State,* 431 N.W.2d 861, 867 (Minn. 1988). Therefore, it is the responsibility of the legislature and not the judiciary to balance the competing policies reflected in a statute that grants school districts immunity under defined circumstances and to amend the statute as it sees fit. *See* Minn. Const. art. III, § 1 (providing that the "powers of government shall be divided into three distinct departments" and no one department "shall exercise any of the

powers properly belonging to either of the others").

■ Respondents raised due-process arguments for the first time at oral argument. Because these arguments were not made in respondents' brief, we will not consider them. *See Peterson v. BASF Corp.*, 711 N.W.2d 470, 482 (Minn.2006) (stating that "failure to address an issue in brief constitutes waiver of that issue").

### DECISION

Because the application of the $1.50 classification in Minn.Stat. § 466.12, subd. 3a, results in similarly situated individuals being treated similarly, the statute does not violate the Equal Protection Clause of either the United States or Minnesota Constitution.

**Reversed.**