David GRANVILLE and Marlyss Granville, as parents and natural guardians of Kailynn Granville, a minor, Appellants,

Jacqueline Johnson, as parent and natural guardian of Shanel Andrews, a minor, Appellant,

v.

MINNEAPOLIS PUBLIC SCHOOLS, SPECIAL SCHOOL DISTRICT NO. 1, Respondent.

Nos. A05–1377, A05–1378.

Supreme Court of Minnesota.

May 31, 2007.

OPINION

ANDERSON, G. BARRY, Justice.

Appellants, parents of two children injured at school during gym, brought an action in Hennepin County District Court against the respondent, Minneapolis School District, alleging negligence. The school district asserted immunity from tort liability under Minn.Stat. § 466.12 (2006) and ultimately moved the district court for summary judgment The district court denied the school district's motion for summary judgment, finding that section 466.12 violates the equal protection guarantees of the United States and Minnesota Constitutions. The court of appeals reversed, holding that section 466.12 does not violate either Equal Protection Clause. This court granted review, heard oral argument, and requested supplemental briefing on the issue of whether section 466.12 was revived after it expired in 1974. We hold that it was not revived and the school district is not immune from tort liability.

On November 1, 2001, two Loring Elementary School students were injured while participating in a game of "flashlight tag" during physical education class. Flashlight tag involves turning off all the lights in the gymnasium and shining a flashlight beam around the room while children run in the darkness to avoid it. During the game, the students collided and injuries resulted. Appellants David and Marlyss Granville and Jacqueline Johnson, the parents of the children, filed separate lawsuits against the Minneapolis School District in Hennepin County District Court, alleging negligence.

The school district moved to dismiss the actions on the ground that the school district is immune from tort liability under Minn.Stat. § 466.12, subd. 3a (2006). This statute requires a school district to secure liability insurance if it is able to do so at a cost of $1.50 or less per student per year. The statute confers immunity on a school district if the district is unable to obtain insurance at the statutory rate and the commissioner of insurance certifies that such insurance is unobtainable. The legislature added the $1.50 provision in 1969, and has not changed the dollar amount since. Act of May 27, 1969, ch. 826, § 2, 1969 Minn. Laws 1515, 1515–16. It is undisputed that no school district in the state can currently obtain liability insurance for $1.50 per student. Before appellants' children were injured, the school district had requested and received certification from the commissioner of commerce (the statutory successor to the commissioner of insurance) that the district could not obtain liability insurance at the $1.50 per student rate.

In response to the school district's motion to dismiss appellants' lawsuits on the

basis of section 466.12, appellants argued to the district court that the section violates the Equal Protection Clauses of the United States and Minnesota Constitutions. The district court applied rational basis review, concluded that the statute was constitutional, and dismissed. The court of appeals affirmed the district court's use of the rational basis test, but reversed and remanded for findings on whether the $1.50 provision was relevant to section 466.12's purpose under current market conditions. *Granville v. Minneapolis Public Schools,* 668 N.W.2d 227, 235 (Minn.App.2003), *rev. denied* (Minn. Nov. 18, 2003).

On remand, the school district moved for summary judgment in each action and the district court denied the motions by separate, identical orders. The district court concluded that the statute violates the equal protection guarantees of both the United States and Minnesota Constitutions because under current market conditions the $1.50 statutory rate was not rationally related the purpose of protecting governmental entities' financial stability. The school district appealed. The court of appeals consolidated the actions and reversed, concluding that section 466.12 does not violate the federal or state Equal Protection Clauses because the application of the $1.50 per student rate allows every district in the state to assert immunity. *Granville v. Minneapolis Sch. Dist.,* 716 N.W.2d 387, 394 (Minn.App.2006). This court granted appellants' petition for review. In their reply brief, appellants argued for the first time that section 466.12 expired in 1974 and was never revived. We questioned the parties at oral argument and requested supplemental briefing on the issue of whether section 466.12 was revived.[1]

## I.

◼ Before considering appellants' challenges under the United States and Minnesota Constitutions, we must determine whether section 466.12 is currently in effect. While we generally do not address issues not raised in a petition for review, *In re GlaxoSmithKline PLC,* 699 N.W.2d 749, 757 (Minn.2005) (citation omitted), this court may take any action that justice may require. Minn. R. Civ.App. P. 103.04. When we are asked to find a statute unconstitutional, there can be little doubt that we must first ask whether the statute is currently in effect. Mindful that appellants first raised this issue in their reply brief, we have given the school district an opportunity to respond at oral argument and in a supplemental brief.

Section 466.12 was enacted in 1963 as part of the Municipal Tort Claims Act, Minn.Stat. ch. 466 (2006), in which the legislature responded to our abrogation of common law tort immunity for local government units in *Spanel v. Mounds View School District No. 621,* 264 Minn. 279, 118 N.W.2d 795 (1962). Act of May 22, 1963, ch. 798, § 12, 1963 Minn. Laws 1396, 1400–01. Section 466.12 codified pre-existing common law immunity for school districts and exempted school districts from the provisions of chapter 466 that made local government units liable for their torts. § 12, subd. 1, 1963 Minn. Laws at 1400. But the legislative preservation of tort immunity for school districts was not permanent; section 466.12, subdivision 4 provided that section 466.12 would expire on January 1, 1968. § 12, subd. 4, 1963 Minn. Laws at 1401 ("This section is in effect on January 1, 1964, but all of its provisions shall expire on January 1, 1968."). In 1965, the legislature extended the reprieve

---

1. Also before the court is the school district's motion to strike an equal protection argument that appellants raised for the first time in their reply brief.

from liability for school districts by changing the expiration date for section 466.12 to January 1, 1970. Act of May 25, 1965, ch. 748, § 1, 1965 Minn. Laws 1126, 1126. Before the 1970 expiration date arrived, the legislature added the $1.50 provision at issue in this case, extending tort immunity for school districts that were unable to purchase insurance for $1.50 per pupil or less. Act of May 27, 1969, ch. 826, § 2, 1969 Minn. Laws 1515, 1515–16. In the same act, the legislature extended the expiration date for section 466.12 to July 1, 1974. § 3, 1969 Minn. Laws at 1516. In 1974, the legislature amended subdivision 4 to postpone the expiration of section 466.12 for towns not exercising municipal powers. Act of April 11, 1974, ch. 472, § 1, 1974 Minn. Laws 1189, 1189–90. But the legislature did not change the July 1, 1974 expiration date for school districts, even though that date was less than three months away. *See id.* The school district concedes that section 466.12 and its exemption from tort liability expired as to all school districts on July 1, 1974.

In 1996 the legislature repealed subdivision 4 (the expiration provision). Act of Mar. 15, 1996, ch. 310, § 1, 1996 Minn. Laws 185, 187. The relevant section of the act was titled "Repealer," and the act was described as "[a]n act relating to state government; repealing obsolete laws." It appears that the repealer was part of a bookkeeping effort to remove obsolete provisions from the statute books. The only apparent common thread in the over 300 repealed laws is that they involved dates in

the past.[2] The 1996 act did not explicitly indicate an intent to revive section 466.12; indeed, it did not express a substantive intent for any of the affected laws.

The school district relies on the repealer to advance the proposition that the immunity provisions of Minn.Stat. § 466.12 were revived and thus the personal injury actions at issue here were barred. Appellants argue that there was no revival of section 466.12. They contend that Minn. Stat. § 645.36 (1996), which states that "[w]hen a law is repealed which repealed a former law, the former law shall not thereby be revived, unless it is so specifically provided," supports the conclusion that section 466.12 was not revived. Appellants propose that, for revival purposes, there is no meaningful difference between a law that has been repealed and one that has expired, and we agree.

The main argument advanced by the school district is that we must presume that the legislature knew what it was doing with the 1996 act, and therefore we must presume that the legislature intended to revive the rest of section 466.12 when it repealed the expiration provision. We agree that we must presume that the legislature generally knows what it is doing, but this presumption undermines as much as it supports the school district's position. Applying the school district's reasoning, we must presume that when the legislature enacted the repealer at issue, it acted with awareness of section 645.36 and that section's logical implication that repealing

---

2. Other sections repealed by the act include: Minn.Stat. § 412.018, subd. 2 (1994) (granting an option for certain cities to change their incorporation status by July 1, 1975); Minn. Stat. § 446A.10 (1994) (transferring responsibility for a wastewater grant program to the Minnesota public facilities authority as of July 1, 1988); Minn.Stat. § 458.1931 (1994) (stating that a port authority city's recently-granted power to tax was cumulative with the power it enjoyed on April 28, 1957); Minn. Stat. § 466.10 (1994) (stating that Laws 1963, chapter 798, was not retroactive); Minn.Stat. § 471.9975 (1994) (stating that failure to comply with the requirements of Laws 1984, chapter 651, prior to August 1, 1987, did not give rise to a cause of action); Minn.Stat. § 471.998 (1994) (requiring a report to the commissioner of employee relations by October 1, 1985).

a lapsed expiration provision does not revive the underlying law.

■ The school district contends that we may not apply section 645.36 because the 1996 act is unambiguous. "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2006). "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Id. If a statute is ambiguous, however, we look to other factors to determine legislative intent. Id. We agree with the school district that the language of the 1996 act plainly repealed section 466.12, subdivision 4. Ambiguity exists, however, as to whether that repeal revived the rest of the section; it is far from axiomatic that repealing an expiration date revives an expired law. Faced with this ambiguity, we ask what the legislature most likely intended the repeal of subdivision 4 to accomplish.

It is unlikely, at best, that the legislature intended by the repeal of one expiration provision among more than 300 "obsolete laws" to make a significant substantive change in state tort law. If the legislature had intended to enact complete tort immunity for Minnesota school districts, we believe that it would have drafted a statute announcing such immunity rather than reviving a long-expired statute that creates such immunity by setting out a dollar figure unadjusted for 27 years of inflation. Our skepticism is heightened because section 466.12 requires school districts to request certification from the "commissioner of insurance," an office that no longer exists. The successor to the "commissioner of insurance" is the "commissioner of commerce." See Act of June 7, 1983, ch. 289, § 114, subd. 1, 1983 Minn. Laws 1246, 1307 (instructing the revisor of statutes to replace all appearances of the term "commissioner of insurance" with the term "commissioner of commerce").

■ The school district raises a variety of arguments that section 466.12 was revived. Urging us not to apply section 645.36, the school district does not suggest any substantive difference between the repeal of a repealer and the repeal of an expiration provision, but instead argues that section 645.36 is an abrogation of common law and therefore limited to its express wording or necessary implication. See Isles Wellness, Inc. v. Progressive Northern Ins. Co., 703 N.W.2d 513, 521 (Minn.2005) (stating that "if [a] statute is intended to abrogate the common law, the abrogation must be 'by express wording or necessary implication' ") (quoting Wirig v. Kinney Shoe Corp., 461 N.W.2d 374, 377–78 (Minn.1990)); 1A Norman J. Singer, Sutherland Statutory Construction § 23:32, at 564 (6th ed.2002) (noting the common law rule of interpretation that the repeal of a repealing statute operates to revive the original enactment). We find this argument unpersuasive. We can find no evidence that repealers were treated differently than expiration provisions at common law, so we find it sensible to treat them similarly under section 645.36. The school district, furthermore, does not direct us to any common law doctrine that would govern the repeal of a lapsed expiration provision in the absence of section 645.36. Accepting the district's limited reading of section 645.36 would leave us bereft of statutory and common law direction in this case. Unable to perceive any meaningful difference between repealers and expiration provisions in this context, we believe section 645.36 applies.

The school district also asserts that the Minnesota legislature has repealed "numerous" expiration dates in other statutes.

But of the four acts cited by the school district, none revived an expired law. For example, two acts repealed future expiration dates.[3] As the intention of the legislature when it amends or repeals the expiration date of an unexpired law is not in question, these examples are not helpful. The third act cited by the school district repealed the June 1, 1999, expiration of the powers of a "municipal board" that no longer existed, having been replaced by a different entity elsewhere in the act.[4] The fourth act[5] repealed the June 30, 2001 expiration provision of Minn.Stat. § 144.148 (2000). The repeal was "effective the day following final enactment" of the act, which was signed by the governor on June 30, 2001. Thus, the law expired on June 30, 2001, and the expiration provision was repealed on July 1, 2001. A "day" "comprises the time from midnight to the next midnight." Minn.Stat. § 645.45 (2006). Section 144.148 therefore expired at midnight as June 30 ended, and the expiration provision was repealed at the same instant as July 1 began. But the repealer at issue was not part of a mass repealer as we have here and, while we do not decide the issue, we think the best interpretation of this confluence of events is that section 144.148 never expired. These four examples do not persuade us that the legislature intended to revive section 466.12 by repealing its expiration provision.

▬▬▬  The school district also argues that section 645.36 should not apply be-

cause an expiration provision is not akin to a repealer, but rather to a suspension or an exception created by a later statute. Where a suspension or exception is repealed, the original statute becomes effective again, *see Strand v. Village of Watson*, 245 Minn. 414, 420, 72 N.W.2d 609, 614 (1955), *superseded by statute*, Act of Feb. 24, 1967, ch. 19, § 10, 1967 Minn. Laws 54, 71–76, *as recognized by Mjos v. Village of Howard Lake*, 287 Minn. 427, 431–32, 178 N.W.2d 862, 866 (1970), or becomes effective without the exception, *see Pepin Twp. v. Sage*, 129 F. 657, 662–63 (8th Cir.1904). The expiration provision in question, however, is not akin to a suspension. A suspension is, by definition, temporary. *See Black's Law Dictionary* 1487 (8th ed.2004). Subdivision 4 of section 466.12 however, stated that the section would permanently expire as to school districts on July 1, 1974. Nor is the provision akin to a statutory exception, which "exempt[s] certain persons or conduct from [a] statute's operation." *Black's Law Dictionary* 604 (8th ed.2004). Subdivision 4 completely ended school district immunity under section 466.12. When the legislature creates a statutory suspension or exception to an existing law, it contemplates that the existing law will continue to operate with the exception or will remain ready to become effective upon removal of the suspension. This was not the case with section 466.12. The legislature allowed that section to expire and made no provision for revival.

---

3.  Act of Apr. 18, 1988, ch. 551, § 1, 1988 Minn. Laws 507 (repealing Jan. 1, 1989 expiration provision in Minn.Stat. § 469.012, subd. 10 (supp.1987)); Act of June 1, 1981, ch. 356, § 378, 1981 Minn. Laws 1770, 1790 (repealing Act of Mar. 22, 1978, ch. 510, § 10) (imposing June 30, 1981 expiration on Act now codified and amended as Minn.Stat. § 3.9223 (2006)).

4.  Act of March 5, 2002, ch. 223, § 29, 2002 Minn. Laws 179, 202 (repealing the expiration of the municipal board's powers); *see* § 1, 2002 Minn. Laws at 179 (replacing the Minnesota municipal board with the office of strategic and long-range planning).

5.  Act of June 30, 2001, ch. 9, art. 1, § 62, 2001 Minn. Laws 2133, 2181 (2001 1st Sp. Session).

The school district also argues that it would be improper to refuse to give effect to section 466.12 because it continues to appear in Minnesota Statutes. In support of this argument, the district cites Minn. Stat. § 3C.13 (2006): "Any volume of Minnesota Statutes, supplement to Minnesota Statutes, and Laws of Minnesota certified by the revisor according to section 3C.11, subdivision 1, is prima facie evidence of the statutes contained in it in all courts and proceedings." Section 3C.13 does not limit this court to construing statutes as they are printed in Minnesota Statutes; it also instructs us to look to Laws of Minnesota as a prima facie source of the state's statutes. According to Laws of Minnesota, section 466.12 expired in 1974 and the legislature repealed the expiration provision in 1996. Therefore we can properly interpret the 1996 act and its effects on section 466.12.

As prima facie evidence, the statutes as printed in Minnesota Statutes "will establish a fact or sustain a judgment unless contradictory evidence is produced." *Black's Law Dictionary* 598 (8th ed.2004). "Although the Minnesota Statutes are prima facie evidence of the laws of Minnesota, they are not the laws themselves. The actual laws of Minnesota as passed by the legislature * * * are contained in the session laws * * *." *Ledden v. State*, 686 N.W.2d 873, 877 (Minn.App.2004) (citation omitted), *rev. denied* (Minn. Dec. 22, 2004). "If the revisor has erred in codifying legislative enactments, it is the duty of the judiciary to give effect to the legislative intent and not to the letter of the law as codified because the revisor lacks the authority to make changes in the law." *Kuiawinski v. Palm Garden Bar*, 392 N.W.2d 899, 903 (Minn.App.1986) (citing *State v. Village of Pierz*, 241 Minn. 37, 41, 62 N.W.2d 498, 501 (Minn.1954)), *rev. denied* (Minn. Oct. 29, 1986).

In *Village of Pierz*, the legislature revised a statute authorizing the public examiner to undertake an inspection of the books of any village on a petition from its inhabitants. 241 Minn. at 38–39, 62 N.W.2d at 499–500. The amending acts increased the number of required petitioners from 10 freeholders to three freeholders per 100 inhabitants with 10 freeholders minimum. 241 Minn. at 39–40, 62 N.W.2d at 500. The revisor of statutes inserted the new petition requirement but mistakenly deleted the language authorizing the inspection in the first place. 241 Minn. at 40, 62 N.W.2d at 500. The village, which had requested and received an inspection but did not wish to pay for it, argued that under the language of the revised statute as printed, the public examiner had no authority to conduct the inspection. 241 Minn. at 40, 62 N.W.2d at 499–500. We held that

> where an ambiguity had arisen by virtue of a deletion, omission, or change of language, it is as much our function to ascertain the legislative intent, if we can, from the language used in the new revision as it is in those cases where we construe a single act of the legislature.

241 Minn. at 40, 62 N.W.2d at 500. In giving effect to the language mistakenly deleted by the revisor, we went on to explain that while the act conferred on the revisor authority to consolidate, simplify, and codify the statutes, "[i]t was not the intention of the legislature to confer upon the revisor authority to make changes in existing laws." 241 Minn. at 41, 62 N.W.2d at 501. We are not in a position to determine why section 466.12 continues to appear in Minnesota Statutes, but that appearance alone does not require us to give effect to an expired law that was not revived.

Acknowledging that section 466.12 is no longer in force will not significantly disturb

the expectations and budgets of Minnesota school districts. The school district does not dispute that it is the only school district to have claimed immunity since 1996; in fact, the school district admitted in testimony by a school officer that it had "laid low" by not telling other districts about the immunity provision for fear that the legislature would abolish it. Apparently, the school district is the only district in the state that had any expectation of immunity under section 466.12. Even so, the school district has been self-insured for tort claims since 1990 and has paid claims it deemed meritorious during that time. We hold that Minn.Stat. § 466.12 (2006) expired in 1974 and was not revived. Because the statute has expired, we need not reach appellants' arguments that the statute is unconstitutional, and the school district's pending motion to strike is dismissed as moot.

Reversed and remanded.