**Chawtell Lamont NESTELL,
petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A07–2215.

Court of Appeals of Minnesota.

Dec. 23, 2008.

Lawrence Hammerling, Chief Appellate Public Defender, Bradford S. Delapena, Special Assistant Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Susan E. Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, St. Paul, MN, for respondent.

Considered and decided by JOHNSON, Presiding Judge; ROSS, Judge; and LARKIN, Judge.

## OPINION

ROSS, Judge.

This appeal requires us to decide whether pleading requirements must be met to trigger the exceptions to the primary statute-of-limitations deadline for postconviction petitions for relief. Chawtell Nestell seeks postconviction relief from a sentence of 360 months' imprisonment for unintentional second-degree murder, a conviction

he did not directly appeal. His attorney mailed his postconviction petition to the district court the day after the deadline established by the two-year statute of limitations of section 590.01, subdivision 4. The district court dismissed the petition, concluding that the untimely filing deprived it of jurisdiction to consider any possible exceptions. Nestell appeals the dismissal, arguing that the statute of limitations did not deprive the court of jurisdiction to consider the petition. We conclude that because Nestell failed to satisfy the statutory pleading requirements necessary to trigger the exceptions, the district court did not abuse its discretion when it summarily dismissed his petition. We therefore affirm without reaching the question of jurisdiction.

## FACTS

Chawtell Nestell pleaded guilty and was convicted in 2003 of unintentional second-degree murder for his involvement in the fatal beating of a 15–year–old boy. Finding aggravating factors, the district court issued a 360–month prison sentence, which resulted from an upward departure from the guidelines' presumptive sentence of 225 months. Nestell's conviction became final on November 20, 2003.

Nestell filed a petition for postconviction relief challenging the upward departure, claiming that the aggravating factors relied upon by the district court were not supported by the record or the law. Nestell's attorney mailed the petition to the district court on August 1, 2007, and it was filed in the district court on August 7. Between the date Nestell's conviction became final and the date he filed his petition, the Minnesota Legislature imposed a statutory deadline for postconviction-relief petitions. 2005 Minn. Laws ch. 136, art. 14, § 13, at 1097 (codified at Minn.Stat. § 590.01, subd. 4 (2006)). The law went into effect on August 1, 2005, and effectively required Nestell to file his petition by July 31, 2007. *Id.*

The state moved to dismiss Nestell's petition because it was untimely and because the untimeliness deprived the court of jurisdiction to consider it. The district court granted the state's motion and dismissed the petition. Nestell appeals.

## ISSUE

Did the district court abuse its discretion when it summarily dismissed Nestell's untimely petition for postconviction relief?

## ANALYSIS

■■■ Nestell challenges the district court's summary dismissal of his petition for postconviction relief. This court reviews a denial of postconviction relief for an abuse of discretion. *Leake v. State,* 737 N.W.2d 531, 535 (Minn.2007). Because the district court interpreted the statute to mandate dismissal of Nestell's late petition, it dismissed the petition without holding an evidentiary hearing. A district court must hold an evidentiary hearing upon receiving a petition for postconviction relief "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2006). If sufficient evidence exists to support the district court's finding that relief is not merited, we will not disturb the district court's decision. *Stutelberg v. State,* 741 N.W.2d 867, 872 (Minn.2007). We therefore examine whether evidence exists to support the conclusion that Nestell is not entitled to postconviction relief.

■■ We first determine which of three potential deadlines applies to Nestell's petition for postconviction relief. The first general deadline starts to run either on conviction or disposition of appeal from the conviction, and the filing period is two

years. Minn.Stat. § 590.01, subd. 4(a). The second potential deadline does not start to run until a claim arises after conviction or final disposition, provided that the claim fits one of five statutory exceptions to the first general deadline. *Id.*, subd. 4(b). A petitioner must file within two years of the date that the claim arose. *Id.*, subd. 4(c). The third deadline, which is not codified as part of the statute, appears with the legislature's explanation of the law's effective date. 2005 Minn. Laws ch. 136, art. 14, § 13, at 1098. This uncodified deadline states that "[a]ny person whose conviction became final before August 1, 2005, shall have two years after the effective date of this act to file a petition for postconviction relief." *Id.* The statute became effective August 1, 2005. *Id.*

█ Nestell's conviction became final before August 1, 2005. Because Nestell belongs to the class of petitioners identified in the uncodified deadline, that deadline applies to his petition. Although the uncodified deadline governs Nestell's petition, he argues that the subdivision 4(b) exceptions apply to petitions subject to that deadline despite the legislature's failure to mention the exceptions. We agree.

It is ambiguous whether petitioners convicted before August 1, 2005, may avail themselves of the exceptions in section 590.01, subdivision 4(b). The legislature did not state whether it intended for the uncodified deadline to cut off this class of petitioners on July 31, 2007, or for the class to enjoy the benefit of the entire 2005 amendment-including subdivision 4(b)'s exceptions. We address this ambiguity and conclude that the legislature intended the uncodified deadline to include the exceptions.

█ The touchstone of statutory construction is legislative intent. Minn.Stat. § 645.16 (2006). If legislative intent is unclear from the law's text, we may look

for its intent elsewhere, such as the law's purpose, the harm to be avoided, other similar laws, various interpretations of the law, and the consequences of an interpretation. *Id.* Provisions of the same law should be read in light of one another. *Kollodge v. F. & L. Appliances, Inc.*, 248 Minn. 357, 360–61, 80 N.W.2d 62, 64–65 (1956).

The legislature passed the subdivision 4(b) exceptions and the uncodified deadline within the same bill. 2005 Minn. Laws ch. 136, art. 14, § 13, at 1097–98. The legislature passed the bill to amend the statute and to impose a uniform time limit on petitions for postconviction relief. Until the amendment became effective, petitions had no strict timeliness requirement. *Sykes v. State*, 578 N.W.2d 807, 814 (Minn. App.1998), *review denied* (Minn. July 16, 1998). But the legislature included broad exceptions to the amendment's basic two-year deadline, including the discovery of exculpatory evidence, new constitutional or statutory interpretations, or new claims that are not frivolous and are in the interests of justice. Minn.Stat. § 590.01, subd. 4(b)(2)-(3), (5).

█ Reading the provisions in light of one another, to construe the 2005 amendment to extend these broad exceptions to persons convicted after August 1, 2005, while denying them to those convicted before August 1, 2005, would lead to unreasonable and arbitrary results. For example, under that construction of the amendment, a person sitting in prison today for a July 31, 2005, murder conviction would be statutorily barred from filing a postconviction petition to present his cellmate's new, verifiable, jailhouse confession of the crime; meanwhile, the prisoner in the next cell who was convicted one day later and who claims to have discovered comparable evidence may freely pe-

tition the district court for his release. This unreasonable disparity in treatment becomes even more apparent when considering subdivision 4(b)(3)'s exception, which would allow the later-convicted prisoner also to enjoy the benefits of new, retroactive statutory and constitutional interpretations but absolutely deny them to prisoners convicted one day earlier. We assume that the legislature does not intend the effects of its statutes to be unreasonable. Minn.Stat. § 645.17(1) (2006). We hold that the exceptions listed in Minnesota Statutes § 590.01, subdivision 4(b), also apply to petitions filed by prisoners whose convictions became final before August 1, 2005. We turn to the substance of Nestell's petition.

That the deadline exceptions are available does not mean that they are triggered in this case. They are not. Nestell's petition, which the district court found to be tardy and his counsel on appeal concedes raised a legitimate "concern with untimeliness," seeks relief from errors purportedly committed at his sentencing. Although the petition was filed after the initial two-year deadline established by the legislature, the district court could consider it if one of the Minnesota Statutes § 590.01, subdivision 4(b) exceptions applied. But the exceptions include a pleading requirement implicit in the statute. Petitions seeking the benefit of a subdivision 4(b) exception must "invoke" the exception: "Any *petition invoking* an exception ... *must be filed* within two years of the date the claim arises." Minn.Stat. § 590.01, subd. 4(c). We conclude that by using the phrase "petition invoking," the legislature intended to require petitions expressly to identify the applicable exception. *See* Minn.Stat. § 645.08 (2006) (requiring that words be construed to have their common and approved usage); *The American Heritage Dictionary* 949 (3d ed.1992) (defining "invoked" as "[t]o appeal to or cite in support or justification").

Nestell's petition did not expressly identify, and therefore did not invoke, any exception. Because Nestell filed his petition more than two years after August 1, 2005, and it did not satisfy the statute's requirement to invoke one of the subdivision 4(b) exceptions, the petition was subject to summary dismissal under the first general deadline, and Nestell is not entitled to postconviction relief. Accordingly, the district court did not abuse its discretion when it summarily dismissed the petition without an evidentiary hearing.

Nestell frames his argument on appeal chiefly as a challenge to the district court's holding that it lacked jurisdiction to look beyond the deadline violation into the potential petition-saving exceptions of subdivision 4(b). Having affirmed the district court's dismissal of Nestell's petition on other grounds, we do not reach the issue of whether the statute of limitations governing postconviction-relief petitions is jurisdictional.

**DECISION**

Because postconviction petitioners convicted before August 1, 2005, may avail themselves of the exceptions in Minnesota Statutes § 590.01, subdivision 4(b), Nestell's petition was not barred per se merely because it was filed after July 31, 2007. But because Nestell's generally untimely petition did not satisfy the requirement that his petition invoke one of the statutory deadline exceptions, the district court did not abuse its discretion when it dismissed the petition.

**Affirmed.**